Case No. 24-3892

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

WILLIAM ELLIS,
Plaintiff-Appellee,

-vs.-

DET. JEFFREY YASENCHACK,
Defendant-Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION
CASE NO. 1:22-CV-0815-SO

_____

## REPLY BRIEF OF APPELLANT JEFFREY YASENCHACK

_____

James R. Russell, Jr. (OH #0075499)
Chief Assistant Director of Law
Carli R. Young, (OH #0095433)
Assistant Director of Law
City of Cleveland Department of Law
601 Lakeside Avenue, Rm. 106
Cleveland, Ohio 44114-1077
Phone(216) 664-2800
JRussell2@clevelandohio.gov
CYoung2@clevelandohio.gov
*Attorneys for Defendant-Appellant*
*Jeffrey Yasenchack*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii-iv

ARGUMENT ...................................................................................................... 1

I.     Standard of Review ................................................................................. 3

II.    Ellis cannot establish the elements necessary for a constitutional
       violation as a matter of law ..................................................................... 7

       A.     The evidence definitively establishing probable cause cannot be
              disregarded based solely on the fact that it was eventually
              suppressed in the criminal proceeding ..................................... 8

       B.     The issue of whether Yasenchack recklessly made a false
              statement or omission in the application for a search warrant is
              not an issue of consequence for the malicious prosecution claim
              raised in this case ..................................................................... 14

       C.     Ellis cannot establish that Yasenchack made, influenced, or
              participated in the prosecution decision .................................. 16

III.   Even if Ellis can establish a violation to overcome qualified
       immunity, there were no clearly established violations of his rights ............ 18

CONCLUSION .................................................................................................. 22

CERTIFICATE OF COMPLIANCE ....................................................................... 24

CERTIFICATE OF SERVICE .............................................................................. 25

ADDENDUM DESIGNATION OF RELEVANT DOCUMENTS ......................... 26

# TABLE OF AUTHORITIES

**Cases Cited**                                                              **Page**

*Artuso v. Felt*, 2024 WL 495763 (6th Cir. Feb. 8, 2024) ....................................5, 15

*Barrera v. City of Mount Pleasant*, 12 F.4th 617 (6th Cir. 2021) ...........................21

*Belton v. Wydra*, 2021 WL 1056770 (D. Conn. Mar. 18, 2021)……………...11, 12

*Black v. Wigington*, 811 F.3d 1259 (11th Cir. 2016)...................................12, 13, 19

*Boyd v. City of New York*, 336 F.3d 72 (2nd Cir. 2003)………………........10, 11, 12

*Bunkley v. City of Detroit*, 902 F.3d 552 (6th Cir. 2018)……………....................4

*Caskey v. Fenton*, 2022 WL 16964963 (6th Cir. Nov. 16, 2022)…………………17

*Cyrus v. City of New York*, 2010 WL 148078 (E.D.N.Y. Jan. 14, 2010)…………12

*Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001)………………………5, 6

*Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156 (6th Cir. 2021)……………8

*District of Columbia v. Wesby*, 583 U.S. 48, 138 S. Ct. 577 (2018).......................5

*Estate of Taylor v. Salt Lake City*, 16 F.4th 744 (10th Cir. 2021)..........................4, 5

*Gerics v. Trevino*, 974 F.3d 798 (6th Cir. 2020)………………………………….3, 4

*Hatcher v. City of New York*, 2018 WL 1583036 (S.D.N.Y. Mar. 27, 2018)…….11

*Hector v. Watt,* 235 F.3d 154 (3rd Cir. 2000).........................................................12

*Hein v. North Carolina*, 574 U.S. 54, 135 S.Ct. 530 (2014)..................................21

*Jones v. City of Chicago*, 856 F.2d 985 (7th Cir. 1988)………………………...17

*Jones v. Naert*, 121 F. 4th 558 (6th Cir. 2024) ................................................17, 19

*King v. Harwood*, 852 F.3d 568 (6th Cir. 2017)...............................................14, 15, 16

*Lester v. Roberts*, 986 F.3d 599 (6th Cir. 2021) ....................................................8, 15

*Lingo v. City of Salem*, 832 F.3d 953 (9th Cir. 2016) ........................................13, 19

*Logsdon v. Hains*, 492 F.3d 334 (6th Cir. 2007)…………………………………….4

*Martin v. Marinez*, 934 F.3d 594 (7th Cir. 2019) ..........................................12, 13, 19

*Nelson v. City of Battle Creek*, 802 Fed.Appx. 983 (6th Cir. 2020)....................18, 19

*Pagan-Gonzalez v. Moreno*, 919 F.3d 582 (1st Cir. 2019)…………………….19, 20

*Restivo v. Hessemann*, 846 F.3d 547, 570 (2nd Cir. 2017)…………………………11

*Robertson v. Lucas*, 753 F.3d 606 (6th Cir. 2014) .....................................................5

*Rogers v. Monumental Life Ins. Co.*, 289 F.3d 442 (6th Cir. 2002)………………...5

*Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010) ..................................................7, 17

*Thompson v. Clark*, 596 U.S. 36, 142 S.Ct. 1332 (2022)................................7, 8, 20

*Townes v. City of New York*, 176 F.3d 138 (2nd Cir. 1999) ...................10, 11, 12, 19

*Vega v. Tekoh*, 597 U.S. 134, 142 S.Ct. 2095 (2022).........................................9, 20

*Webb v. United States*, 789 F.3d 647 (6th Cir. 2015)……………………………….8

*Wren v. Towe*, 130 F.3d 1154 (5th Cir. 1997) ....................................................13, 19

**Statutes Cited**

42 U.S.C. § 1983......................................................................................*passim*

# ARGUMENT

Ellis cannot meet his burden of establishing that a public official violated a constitutional right in his prosecution, and that there was a violation that was clearly established at the time of the challenged conduct. In short, Ellis cannot meet this burden necessary to overcome qualified immunity for his malicious prosecution claim. This Court has the jurisdiction to review questions of law, regardless of how the district court may have framed the legal issues.

The malicious prosecution claim filed by Ellis relates to events that took place after the search of his home on May 18, 2020. Ellis did not bring a claim for an alleged illegal search, even if he could legally support a privacy right to contraband. The uncontested facts establish a substantial probability that Ellis committed or was about to commit a crime. There is absolutely no case law that demonstrates that the situation like this one is equivalent to a clearly established constitutional violation.

Ellis argues that "a reasonable jury could find there was a lack of probable cause for criminal prosecution." (*Brief of Appellee, Doc. 26*, p. 28). He argues that the illegal narcotics at Ellis's bedroom, the digital scales with residue and marijuana grow operation, and loaded firearms and ammunition inside the residence was only "*part* of the probable cause calculus." *Id.*, p.

22-23. He claims that all of these undisputed facts only "*bears on* the probable cause analysis in a malicious prosecution claim." *Id.*, p. 29. The above facts relating to the possession of contraband are the only ones that matter to definitively establish a probable and substantial chance of criminal activity to justify his pretrial detention.

Ellis maintains that this evidence "tending to support probable cause to prosecute does not, on its own, doom a malicious prosecution claim." *Id.*, p. 44. That is contrary to precedent. Still, he submits that there is no indication "the government would have had any incriminating evidence without the warrant." *Id.*, p. 35. This would be tantamount to an application of the exclusionary rule and the fruit of the poisonous tree doctrine to a civil case, which is not permitted.

Ellis cannot save his claims by attempting to undertake an analysis through the test for determining whether a plaintiff can overcome the presumption of probable cause brought by a prior grand jury indictment. That is inconsequential when an officer does not rely on that presumption and there is independent evidence that establishes probable cause.

Moreover, Ellis cannot establish that Yasenchack participated in the decision to subject Ellis to a pre-trial seizure in any way other than passively or neutrally participating. All allegations related to Yasenchack's conduct

relate solely to a time before the Government obtained evidence of the narcotics and contraband in Ellis's home.

Ellis attempts to prove a clearly established violation only by arguing "the case does not turn on the application of the fruit of the poisonous tree doctrine *at all*." *Id.*, p. 62. Nonetheless, the only way for Ellis's malicious prosecution claim to overcome qualified immunity would be to find that a felon in possession of firearms, ammunition, and Fentanyl has a clearly established right to avoid prosecution when a court subsequently grants a suppression motion. This cannot be the law.

## I. Standard of Review.

Ellis submits that "Yasenchack cannot here challenge the facts and inferences that the district court concluded a reasonable jury could draw in Ellis's favor to sufficiently negate probable cause." *Id.*, p. 29. He states that challenging the district court's finding that there are genuine issues of material fact concerning probable cause is "not cognizable on this interlocutory appeal." *Id.*, p. 37.

This Court concluded "the ultimate question of probable cause (*separate* from the determination of historical facts) in a civil case when the historical facts are undisputed is a question of law for the court and not a jury." *Gerics v. Trevino*, 974 F.3d 798, 805 (6th Cir. 2020). In malicious

prosecution cases in particular, courts resolve whether the factual circumstances were sufficient to prove probable cause. *Id.*, n.6. "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007).

If a "trial court's determination that a fact is subject to reasonable dispute is blatantly and demonstrably false, a court of appeals may say so, even on interlocutory appeal." *Moldowan v. City of Warren*, 578 F.3d 351, 370-371 (6th Cir. 2009) (*citations omitted*). A district court's stated basis for denying an immunity claim does not necessarily foreclose this Court's jurisdiction over an appeal. *Id.* This Court may exercise jurisdiction over the appeal raising questions of law regardless of the district court's reasons for denying qualified immunity. *Id.*

In an appeal from the denial of qualified immunity, this Court may review a district court's legal determination that the defendant's actions violated a constitutional right or that the right was clearly established. *Bunkley v. City of Detroit*, 902 F.3d 552, 559 (6th Cir. 2018). This Court may review a challenge to the legal aspect of the court's factual determinations, such as whether the court properly assessed incontrovertible evidence in the record. *Id. See also Estate of Taylor v. Salt Lake City*, 16 F.4th 744, 754

(10th Cir. 2021) ("Whether the exclusionary rule bars the use of [evidence obtained in violation of the Fourth Amendment] for purposes of a § 1983 action is a legal question.").

"Facts are 'material' only if their establishment might affect the outcome of the suit under governing substantive law." *Artuso v. Felt*, No. 23-3035, 2024 WL 495763, \*2 (6th Cir. Feb. 8, 2024) (*quoting Rogers v. Monumental Life Ins. Co.*, 289 F.3d 442, 448 (6th Cir. 2002)). In *Artuso*, the plaintiff argued that there were disputes of fact "whether probable cause for his prosecution existed at the time of his indictment" demanding resolution by a jury. *Artuso*, 2024 WL 495763, \*3. This Court held the plaintiff's "malicious prosecution claim fails for a more fundamental reason." *Id.*, \*4. The evidence of potential culpability generated "the substantial chance of criminal activity' talismanic of probable cause." *Id.* (*quoting District of Columbia v. Wesby*, 583 U.S. 48, 57, 138 S. Ct. 577 (2018)). *See also Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) (although plaintiffs adduced "substantial evidence of general government wrongdoing" their claims failed because there was no evidence that their own constitutional rights were violated); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001) ("if this court finds that there was probable cause to prosecute [plaintiff], regardless of any alleged false statements made by [the officer],

5

then she cannot make out a malicious prosecution claim under the Fourth Amendment.").

The District Court in word and deed applied the fruit of the poisonous tree doctrine to a § 1983 civil case to avoid considering the ample evidence of criminality. It mentioned that it "declines to adopt the out-of-circuit rule regarding the fruit of the poisonous tree doctrine advanced by [Yasenchack.]" (*Order, R. 37, PageID #624*). Ellis argued "the probable cause inquiry begins and ends with what [Yasenchack] knew when requesting a search warrant for his home, and at that time there was no probable cause." *Id., PageID #623*. The Court expressly adopted this argument. *Id., PageID #624*. The District Court disregarded all other evidence that established probable cause because in its view the Government would not have "uncovered the incriminating evidence in Ellis's home without the search warrant." *Id., PageID #629*. The District Court found the subsequent "probable cause for pretrial detention was also tainted by allegedly false statements." *Id., PageID #630*.

The main legal issues for this appeal are that the lower court applied an exclusionary rule to a civil case to make substantial evidence establishing probable cause not relevant and legally unavailable. The facts in the record that cannot be disputed foreclose Ellis's claim for malicious prosecution.

6

Ellis can only hope to proceed with his malicious prosecution claim if the Court completely disregards the undisputed evidence of the illegal narcotics, firearms, and ammunition in Ellis's possession when the Government initiated the prosecution of him.

**II.      Ellis cannot establish the elements necessary for a constitutional violation as a matter of law.**

A malicious prosecution claim under the Fourth Amendment provides constitutional protections that "apply even after the start of 'legal process' in a criminal case – here, that is, after the judge's determination of probable cause." *Manuel v. City of Joliet*, 580 U.S. 357, 360, 137 S.Ct. 911 (2017). The Fourth Amendment claim for malicious prosecution fits when the ensuing pretrial detention after arrest lacked probable cause. *Id.*, at 368 (in that case, there was no additional evidence of criminality between the roadside arrest and the county court initiated legal process). Malicious prosecution is a cause of action for damages for confinement imposed after formal legal process begins. *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010).

It is "sometimes referred to as a claim for unreasonable seizure pursuant to legal process." *Thompson v. Clark*, 596 U.S. 36, 42, 142 S.Ct. 1332 (2022). The "gravamen" of the action is "the wrongful initiation of charges without probable cause." *Id.*, at 42-43. A plaintiff must demonstrate

that he "was charged without probable cause," seized because of those charges, and able to overcome "qualified immunity." *Id.*, at 49.

The plaintiff must at least prove the defendant made, influenced, or participated in the decision to prosecute that resulted in a pretrial detention when the government lacked "probable cause to believe he committed a crime." *Lester v. Roberts*, 986 F.3d 599, 607-608 (6th Cir. 2021). As this Court has said, "the presence of probable cause for a prosecution or pretrial detention dooms any Fourth Amendment claim." *Id.*, 986 F.3d at 609. *See also Dibrell v. City of Knoxville*, 984 F.3d 1156, 1164 (6th Cir. 2021) (exclusionary rule that required suppression of the drugs and money in the criminal case did not erase the fact that the drugs and money found on the plaintiff created the probable cause for his prosecution to defeat the malicious prosecution claim). *Compare Webb v. United States*, 789 F.3d 647, 666-667 (6th Cir. 2015) (the drugs recovered from the plaintiff's home took place the day **after** he was charged, so "evidence seized therein could not have furnished probable cause to charge him for the crime at issue").

**A. The evidence definitively establishing probable cause for Ellis's prosecution cannot be disregarded based solely on the fact that it was eventually suppressed in the criminal proceeding.**

Ellis argues the "district court did not exclude or refuse to consider illegally seized evidence." (*Brief*, p. 22). However, the lower court did not

discuss the legal impact of the abundance of evidence of Ellis's criminality located in his home, just whether there was a dispute relating to Yasenchack's alleged "false statements in his affidavit for a search warrant." (*R. 37, PageID #627*). The District Court noted that as a result of the "initial seizure, which was set into motion by [Yasenchack's] allegedly tainted investigation, the subsequent finding of probable cause for pretrial detention was also tainted by allegedly false statements." *Id., PageID #630*.

Ellis does not expressly argue that the application of the exclusionary rule and its prophylactic effects to a § 1983 cause of action is proper. *Compare Vega v. Tekoh*, 597 U.S. 134, 141, 142 S.Ct. 2095 (2022). Indeed, he states, "Ellis does not seek to *exclude* illegally procured evidence from the probable cause analysis; he seeks only to *include* the fact that evidence was unlawfully obtained." (*Brief*, p. 46).

On the one hand, Ellis maintains that he "does not rely on the poisonous-fruits doctrine that suppresses evidence in criminal cases…" *Id.*, p. 39. Yet, his primary argument is that "an officer's knowledge that evidence was obtained through a fraudulent and unlawful search *can* undermine probable cause to prosecute…" *Id.*, p. 46. He claims that "he raised material factual disputes about the degree to which Yasenchack's knowledge and concealment of the unlawful nature of the search undercut

other evidence tending to establish probable cause to prosecute." *Id.*, p. 47. He maintains that an unlawful search affidavit "led directly to the illegal seizure of the only evidence Yasenchack identifies as potentially supporting probable cause." *Id.*, p. 51.

Ellis vociferously argues "Yasenchack swore his unlawful affidavit and then directly used this constitutional violation to secure a criminal prosecution, propagating the unconstitutionality." *Id.*, p. 52. He seeks to apply the fruit of the poisonous tree doctrine to a § 1983 claim, but attempts to avoid referring to it by name. The only way for Ellis to establish a genuine dispute as to whether the Government lacked probable cause to prosecute him would be to *exclude* the mountains of evidence recovered during the search through the application of the poisonous fruits doctrine to a civil case.

Ellis endeavors to avoid the application of the rule in *Townes* by stating that "just a few years later, the Second Circuit explained that its holding in *Townes* should not be overread to make illegally-seized evidence *determinative* in every malicious prosecution case." (*Brief*, p. 48) (*citing Boyd v. City of New York*, 336 F.3d 72 (2nd Cir. 2003)). This directive is not found anywhere in the decision in *Boyd*. The Second Circuit never once mentions *Townes*, illegally seized contraband, or the application of the

10

exclusionary rule in that case. *Compare Townes v. City of New York*, 176 F.3d 138, 147 (2nd Cir. 1999) ("the injury he pleads (a violation of his Fourth Amendment right to be free from unreasonable searches and seizures) does not fit the damages he seeks (compensation for his conviction and incarceration).").

The Second Circuit adheres to the rule outlined in *Townes* and strictly limits *Boyd* to the specific and extraordinary facts of that case. *See Hatcher v. City of New York*, No. 15-CV-7500, 2018 WL 1583036, *6 (S.D.N.Y. Mar. 27, 2018) (*Boyd* did not hold that evidence obtained from an unlawful search could not be used to determine probable cause in a malicious prosecution claim, but merely that a single statement alone was not sufficient to defeat a malicious prosecution claim) (*relying on Restivo v. Hessemann*, 846 F.3d 547, 570 (2nd Cir. 2017) ("*Boyd* did not hold that inadmissible evidence cannot be used in evaluating probable cause for a prosecution")).

Within the Second Circuit, the rule remains that the seizure of a gun, ammunition, and narcotics during the execution of a search warrant can be sufficient evidence of probable cause to eliminate a malicious prosecution claim, even if the evidence was the result of a search without probable cause. *Belton v. Wydra*, No. 3:17-CV-02006, 2021 WL 1056770, *11 (D. Conn.

Mar. 18, 2021) ("*Boyd's* limited holding does not foreclose [the officer] from relying upon the seized gun and narcotics as establishing that he had 'knowledge of facts sufficient to justify a reasonable person in the belief that he has reasonable grounds for prosecuting an action.'"). *See also Cyrus v. City of New York*, No. 06CV4685, 2010 WL 148078, \*3 (E.D.N.Y. Jan. 14, 2010) ("the gun discovered on the plaintiff's person-even though discovered following a search incident to an unlawful arrest in plaintiff's-residence provides admissible evidence of probable cause to prosecute plaintiff.").

Ellis contends that Yasenchack attempts to "stretch the other circuit opinions declining to apply the fruit of the poisonous tree doctrine to Section 1983 claims to foreclose relief here." (*Brief*, p. 50). To the contrary, there is no need to stretch. The cases are directly on point for this case.

In *Martin v. Marinez*, the Seventh Circuit held that the plaintiff's "scenario is far more like those in *Townes* and *Hector*, where probable cause for an arrest existed despite an encounter that initially violated the Fourth Amendment." *Id.*, 934 F.3d 594, 604 (7th Cir. 2019). The Eleventh Circuit decided whether "the evidence from [plaintiffs'] trailer could not provide probable cause because it was obtained during an illegal search…" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016). "It does not matter whether that evidence was discovered in compliance with the Fourth Amendment…"

12

*Id.*, 1269. The officers were entitled to qualified immunity from the malicious prosecution claim because the "evidence from [plaintiffs'] trailer provided probable cause…" *Id.*

The Fifth Circuit held that "[e]xclusion of the evidence found by [the officers] on the basis that they had no legal right to search the vehicle would, in effect, be an application of the exclusionary rule to this case." *Wren v. Towe*, 130 F.3d 1154, 1158 (5th Cir. 1997). "Such an application would be inappropriate." *Id.* The Ninth Circuit rejected plaintiff's suggestion that the Fourth Amendment could prohibit an arrest "that is justified solely on the basis of evidence procured from such an unlawful search." *Lingo v. City of Salem*, 832 F.3d 953, 959 (9th Cir. 2016). "Nothing within the fruit-of-the-poisonous-tree doctrine suggests that an officer must ignore facts that would give him probable cause to arrest a person merely because those facts were procured through an unlawful search." *Id.*, at 960.

The District Court erred by disregarding the substantial and uncontested evidence establishing probable cause at Ellis's urging (*R. 37, PageID #624-630*). There is no dispute that on May 18, 2020, Ellis had in his "possession, custody, or control at [his] residence located at East 127th Street in Cleveland, any Percocet pills, a Smith & Wesson .38 caliber revolver, ammunition, drug paraphernalia, carfentanil, heroin, fentanyl,

cocaine and tramadol…" (*R. 23-1, PageID #165-168, Ellis Dep. 60:23-25, 61:1-8*). Therefore, there is no question that Ellis cannot establish a lack of probable cause as a matter of law.

**B. The issue of whether Yasenchack recklessly made a false statement or omission in the application for a search warrant is not an issue of consequence for the malicious prosecution claim raised in this case.**

The District Court used the test for determining whether a plaintiff can overcome the presumption of probable cause through a grand jury indictment to determine "whether there is a genuine issue of material fact regarding probable cause for Ellis's criminal prosecution" (*Order, R. 37, PageID #626-627*). Ellis similarly argues that because he can overcome this presumption, he can also establish genuine issues of fact relating to a lack of probable cause (*Brief*, p. 21). He contends, "Yasenchack's falsehoods thus spread even beyond the search affidavit and directly into justifying the criminal prosecution." *Id.*, p. 34.

In *King*, this Court confirmed the rule that a grand jury indictment does not "*conclusively*" establish probable cause "upon a showing that the officer has made knowing or reckless false statements or has falsified or fabricated evidence in the course of setting a prosecution in motion." *King v. Harwood*, 852 F.3d 568, 589 (6th Cir. 2017). "Thus, evidence of an officer's actions prior to and independent of his grand-jury testimony may call into

14

question the presumption of probable cause created by an indictment even if a malicious-prosecution plaintiff may not bring in evidence of the grand-jury testimony *itself* to do so." *Id.*, at 590. This Court held that "King has raised genuine issues of material fact sufficient to overcome, at least at summary judgment, the presumption that King's indictment is proof of probable cause." *Id.*, at 591 (King was exonerated after guilty plea to manslaughter).

This analysis is completely unnecessary when an officer does not rely on the presumption of probable cause conclusively provided by prior judicial or grand jury determinations of probable cause. The existence of substantial evidence, outside of any judicial determination, establishes probable cause and renders the *King* test superfluous for determining the action. *Lester, supra.*, 986 F.3d 599, 609 (6th Cir. 2021); *Artuso, supra.*, 2024 WL 495763, *4.

The evidence that supported probable cause for the Government's prosecution after the search of Ellis's home was demonstratively true and confirmed by other officers. There is no dispute that the Government had probable cause to proceed with federal criminal charges at the time that it filed them (*R. 25-6, PageID #521-524, Exhibit E*). Ellis, a convicted felon, unquestionably had possession of contraband, illegal firearms, and ammunition in his home. Yasenchack encountered people leaving Ellis's

15

home who were in possession of Fentanyl (*R. 25-3, PageID #416-424, Exhibit A*; *PageID #344*). Those facts alone provide the low bar necessary to establish probable cause. Turning a question over a few words in the affidavit for search warrant into a dispute of material fact ignores decades of relevant § 1983 precedent. *King* is a red herring that has no place in the analysis of the instant facts. The District Court therefore erred as a matter of law in applying the *King* test where substantial evidence, independent of the grand jury indictment, existed to establish probable cause.

**C. Ellis cannot establish that Yasenchack made, influenced, or participated in the prosecution decision.**

Ellis contends that "Yasenchack cannot contest the district court's finding of genuinely disputed facts and because the district court plainly applied the proper legal standard in assessing Yasenchack's participation, Yasenchack's legal arguments on the second element fail as well." (*Brief*, p. 60). Ellis argues that "Yasenchack's falsehoods were duplicated in the affidavit supporting the federal criminal complaint." *Id.*, p. 59. All of Yasenchack's actions at issue occurred before the Government obtained evidence that Ellis illegally possessed guns, ammunition, and narcotics. The District Court did not determine whether Yasenchack made or influenced any decision to subject Ellis to the pre-trial seizure after the Government collected the evidence.

16

Ellis does not dispute that to be liable for making, influencing, or participating in a decision to prosecute, an officer "must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Richards v. County of Washtenaw*, 818 Fed. Appx. 487, 493-494 (6th Cir. 2020). In addition, a plaintiff needs to establish that the officer's falsehoods or misstatements were "material, or necessary" to the prosecution. *Sykes*, *supra*, at 305, 312; *Jones v. Naert*, 121 F.4th 558, 569 (6th Cir. 2024) (reports could not have influenced prosecution because it had access to evidence that independently assessed pertinent information). *Compare Jones v. City of Chicago*, 856 F.2d 985, 990-991 (7th Cir. 1988) (officers who were instrumental in every aspect of the case and suppressed exculpatory evidence were active participants in the prosecution of the crime); *Caskey v. Fenton*, No. 22-3100, 2022 WL 16964963, *7 (6th Cir. Nov. 16, 2022) (officers' conduct "formed the entire basis for the grand jury indictment, thereby creating an unbroken chain of causation between their misrepresentations and [plaintiff's] arrest.").

In order to succeed on his malicious prosecution claim, Ellis must prove that he was seized after the start of the legal process without probable cause. Yasenchack had nearly no involvement with this case after Ellis's arrest. He had one quick conversation with the prosecutor *after* a decision

17

was made to file a federal complaint charging Ellis under 18 U.S.C § 922 (*R. 24-1, PageID #331, Yasenchack Dep.* 71:14-18). He had nothing to do with the length of time that Ellis was held (*R. 23-1, PageID #181, Ellis Dep.* 76:15-25).

Yasenchack certainly did not cause Ellis to possess the contraband in Ellis's home. Ellis's *undisputed* possession of the contraband was the reason the Government prosecuted the case. The Government did not need Yasenchack at all after it filed the case. His alleged misconduct prior to the time the Government initiated the criminal action cannot be deemed to be material or necessary to the prosecution. This element therefore also fails.

For all of these reasons, Ellis cannot demonstrate any constitutional violations under the standard established by this Court.

## III. Even if Ellis can establish a violation to overcome qualified immunity, there were no clearly established violations of his rights.

Ellis states that there is "a right to be free of malicious prosecution in cases factually and legally similar to this one, well before any of the conduct underlying Ellis's complaint took place." (*Brief*, p. 60). A court rarely can use a high level of generality to establish a clearly established violation. *Nelson v. City of Battle Creek*, 802 Fed.Appx. 983, 987 (2020) (it was not clearly established that it was unconstitutional for an officer to shoot, when

someone quickly pulls what appears to be a weapon before dropping it and raising his hands after a warning); *Jones v. Naert, supra.*, 121 F.4th 558, 568 (6th Cir. 2024) (officer's subjective intent has no bearing on the clearly established analysis).

Ellis cannot cite one prior case where a person who clearly had possession of Fentanyl, illegal weapons, and ammunition could establish a Fourth Amendment malicious prosecution violation for a pre-trial seizure. As discussed above, there are several prior cases before May of 2020 directly on point holding to the contrary. These decisions are at least from the Second, Fifth, Seventh, Ninth, and Eleventh Circuits Courts of Appeals. *See Townes, Wren, Martin, Lingo, Black, supra.*

Ellis cites extensively in his brief to the concurring opinion in *Pagan-Gonzalez v. Moreno*, 919 F.3d 582 (1st Cir. 2019) (*Brief*, p. 41-43). This case and the concurring opinion do not support the argument that Ellis can demonstrate a clearly established violation. The First Circuit held that "[t]he widespread view that probable cause to arrest or prosecute may be established in civil proceedings with unlawfully seized evidence means that, regardless of our view on the merits of [plaintiff's] malicious prosecution claim, [the officers] are entitled to qualified immunity on that claim." *Id.*, 919 F.3d 582, 601-602. "Put simply, no clearly established law barred the

defendants from using evidence obtained in the unlawful search to support probable cause for the criminal charges brought against [plaintiff]." *Id.* "Accordingly, the district court properly dismissed the malicious prosecution claim on the ground that defendants are entitled to qualified immunity." *Id.*, at 602.

The concurring opinion merely suggested an "alternative analysis" that could be used in the future for Fourth Amendment malicious prosecution claims. *Id.* (*notably issued before Thompson v. Clark*, 596 U.S. 36 (2022) and *Vega v. Tekoh*, 597 U.S. 134 (2022)). Judge Barron agreed "with the majority that Pagan fails to show, with respect to this claim, that he has alleged a violation of clearly established law." *Pagan-Gonzalez, supra.*, 919 F.3d at 602 (*Barron, J., concurring*). Mainly, "law enforcement has not tricked the magistrate judge into believing that there was evidence of probable cause when there in fact was none. There was such evidence all along." *Id.*, at 611. The concurrence suggests that courts could adopt a tort that eliminates completely the requirement of a lack of probable cause to succeed. *Id.*, at 615. Again, the concurrence understood that the plaintiff could not maintain a viable claim as the law currently stands and the concurring opinion does nothing to change that.

In contrast, Ellis suggests an entirely new rule "that the mere existence of evidence tending to support probable cause to prosecute does not, on its own, doom a malicious-prosecution claim." (*Brief*, p. 44). He suggests an entirely new rule that one has a clearly established right to be free from prosecution unless the officer believes the prosecution will be successful. *Id.*, p. 62.

Ellis claims "this case does not turn on the application of the fruit of the poisonous tree doctrine *at all*." (*Brief*, p. 62). He argues that there should be a subjective, intent-driven standard that turns on an officer's prediction as to the likelihood of evidence being suppressed. *Id.*, p. 23. This is antithetical to the Supreme Court's holdings before and after 2020. The "Fourth Amendment allows for some mistakes on the part of government officials, giving them fair leeway for enforcing the law in the community's protection." *Hein v. North Carolina*, 574 U.S. 54, 60-61, 135 S.Ct. 530 (2014) (*internal quotation marks omitted*). An officer may be reasonably mistaken about the facts or the relevant law. *Id.*, at 61 (*cited by Barrera v. City of Mount Pleasant*, 12 F.4th 617, 621 (6th Cir. 2021) (ambiguity in the law also shows that the officers did not violate a clearly established right and is a more forgiving standard).

Nevertheless, Ellis has no explanation for why the District Court stated that it declined to adopt "the out-of-circuit rule regarding the fruit of the poisonous tree doctrine" or ruled that the evidence establishing probable cause was not considered because of the "tainted investigation" (*R. 37, PageID #624-630*). There was a robust consensus among the circuit courts that the fruit of the poisonous tree doctrine cannot be used to support a § 1983 malicious prosecution claim in this fashion. There are no cases from this Circuit in the opposite direction of that. That is implicitly what Ellis argues here.

Even if this Court decided that it should forge an entirely new direction from all other circuits that considered this issue, Ellis still could not produce the clearly established precedent necessary to support his malicious prosecution claim. There are simply no comparable situations where courts previously found a constitutional violation prior to 2020. Accordingly, Ellis cannot meet the elements necessary to overcome Yasenchack's qualified immunity.

## CONCLUSION

For all of the aforementioned reasons, Ellis cannot maintain his malicious prosecution claim against Yasenchack as a matter of law. Yasenchack requests that this Court reverse and grant his Motion for

22

Summary Judgment on qualified immunity. Then, this Court should remand this matter to the District Court with instructions to proceed to the extent necessary consistent with this Court's opinion.

Respectfully submitted,

By: */s/ J.R. Russell*
James R. Russell, Jr. (0075499)
Chief Assistant Director of Law
Carli R. Young (0095433)
Assistant Director of Law
City of Cleveland, Dept. of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-2800
JRussell2@clevelandohio.gov
CYoung2@clevelandohio.gov
*Attorneys for Defendant-Appellant*
*Jeffrey Yasenchack*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7), I hereby certify that the foregoing Appellant's Reply Brief complies with the type-volume limitations, typeface requirements, and type style requirements of the Federal Rules of Appellate Procedure in the following manner:

1.      The foregoing brief complies with the type-volume limitation established by this Court because it contains 4,879 words, excluding the cover page, table of contents, table of authorities, signature blocks, certificate of compliance, certificate of service, and the designation of relevant district court documents. This word count was determined based upon the calculation performed by Microsoft Word computer software used in drafting this brief, as permitted by the Federal Rules of Appellate Procedure.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times Roman type style.

*/s/ J.R. Russell*
James R. Russell, Jr. (0075499)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed electronically on the 23rd day of April, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ J.R. Russell*
James R. Russell, Jr. (0075499)

**ADDENDUM – DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS UNDER 6 Cir. R. 30(G)**

Appellant Jeffrey Yasenchack designates the following filings in the District Court's record in *Ellis v. Yasenchack, et al.*, 1:22-cv-0815, as relevant pursuant to 6 Cir. R. 30(g):

| Doc. # | Pg. ID # | Date | Title |
|--------|----------|------|-------|
| 1 | 1-10 | 5/18/22 | Complaint |
| 6 | 28-34 | 9/16/22 | Answer of Defendant Yasenchack |
| 23-1 | 106-256 | 8/31/23 | Notice of Filing of Deposition Transcript of William Ellis with Exhibits |
| 24-1 | 259-379 | 8/31/23 | Notice of Filing of Deposition Transcript of Jeffrey Yasenchack with Exhibits |
| 25 | 380-527 | 8/31/23 | Motion for Summary Judgment filed by Defendant Yasenchack |
| 31 | 564-579 | 10/16/23 | Opposition to Motion to Motion for Summary Judgment by Plaintiff William Ellis |
| 32 | 580-583 | 10/16/23 | Motion of Plaintiff William Ellis to Strike the Affidavit of Mitchell Sheehan |
| 33 | 584-585 | 10/17/23 | Stipulated Dismissal of All Claims against the City of Cleveland |
| 35 | 588-594 | 10/30/23 | Opposition to Motion to Strike the Affidavit of Mitchell Sheehan by Defendant Jeffrey Yasenchack |
| 36 | 595-611 | 10/30/23 | Reply in Support of Motion for Summary Judgment by Defendant Jeffrey Yasenchack |
| 37 | 612-632 | 9/30/24 | Opinion and Order granting Plaintiff's Motion to Strike, and granting in part and denying in part Defendant's Motion for Summary Judgment |
| 38 | 633-634 | 10/14/24 | Notice of Appeal |